**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------X
:
In re: TW, INC., f/k/a Cablevision Electronics Investments, Inc.,    :
:
Debtor.    :
---------------------------------------------------------------------X    Chapter 11
THE OFFICIAL COMMITTEE OF UNSECURED    :    Case No. 03-10785 (MFW)
CREDITORS OF TW, INC. f/k/a CABLEVISION    :
ELECTRONICS INVESTMENTS, INC.,    :
:
Plaintiff,    :
:
--against--    :    Adv. Proc. No. 05-50585 (MFW)
:
CABLEVISION SYSTEMS CORPORATION, CSC HOLDINGS,    :
INC., CABLEVISION ADVERTISING SALES, CABLEVISION    :
INTEGRATED SALES, CABLEVISION LIGHTPATH, INC., FOX    :
CABLE NETWORKS, INC., f/k/a FOX SPORTS NETWORKS,    :
LLC a/k/a FOX SPORTS NET, MADISON SQUARE GARDEN,    :
L.P., METRO CHANNEL, LLC d/b/a METROCHANNELS,    :
RAINBOW ADVERTISING SALES CORPORATION, RAINBOW    :
MEDIA  HOLDINGS, LLC, AND REGIONAL PROGRAMMING    :
PARTNERS, CHARLES F. DOLAN, JAMES L. DOLAN,    :
WILLIAM J. BELL, ANDREW B. ROSENGARD, THE ESTATE    :
OF MARC A. LUSGARTEN, ROBERT S. LEMLE, WILLIAM    :
MARGINSON, HANK J. RATNER, NORMAN GOLDBERG and    :
JEFFREY YAPP,    :
Defendants.    :
:
---------------------------------------------------------------------X

**APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES**
**PURSUANT TO BANKRUPTCY RULE 8006**

Appellant, the Official Committee of Unsecured Creditors of TW, Inc. f/k/a

Cablevision Electronic Investments, Inc. ("Plaintiff"), having filed a notice of appeal dated

April 11, 2008 from an order of the United States Bankruptcy Court, District of Delaware

(the "Bankruptcy Court"), dated April 1, 2008 and entered on April 4, 2008 (the

"Order"), which, based upon the decision of the Bankruptcy Court stated on the record at

the November 29–30, 2007 hearing concerning the issue of insolvency (the "Insolvency

Hearing"), determined that TW, Inc. f/k/a Cablevision Electronics Investments, Inc. (the

"Debtor") was, *inter alia*, (1) operating, and for solvency purposes, should be valued, as a

going concern during the period from February 9, 1998 through and including December

31, 2002 and (2) solvent during the period from February 9, 1998 through and including

December 31, 2002, hereby designates the following for inclusion in the record on appeal

and sets forth a statement of the issues to be presented on appeal:

<u>**Designation of Contents of Record On Appeal**</u>

1.      Order dated April 1, 2008 and entered on April 4, 2008 (Docket No. 200).

2.      Transcript of the Insolvency Hearing (Docket Nos. 197 and 198).

3.      Stipulation of Admitted Facts that Require No Proof dated November 9,

2007 (Docket No. 189).

4.      Expert report of Perry M. Mandarino dated June 29, 2007.

5.      Plaintiff's Pre-Trial Memorandum on "Insolvency" and

"Recharacterization" Issues dated November 9, 2007.

6.      Plaintiff's trial exhibits which were admitted into evidence at the

Insolvency Hearing (a list of these exhibits is annexed hereto as Exhibit A).

7.      Plaintiff's deposition designations which were admitted into evidence at

the Insolvency Hearing (a list of these designations being annexed hereto as Exhibit B).

DMEAST #10024735 v1

## Statement of Issues Presented on Appeal

1.     Whether the Bankruptcy Court erred in finding that the Debtor should be treated as a going concern for insolvency purposes during the period from February 9, 1998 through and including December 31, 2002.

2.     Whether – even assuming that the Bankruptcy Court did not err in finding that the Debtor should be treated as a going concern for insolvency purposes – the Bankruptcy Court nevertheless erred in finding that the Debtor was solvent during the period from February 9, 1998 through and including December 31, 2002.

3.     Whether the Bankruptcy Court erred in finding that the Debtor was able to satisfy its debts as they came due during the period from February 9, 1998 through and including December 31, 2002.

4.     Whether the Bankruptcy Court erred in finding that the Debtor was adequately capitalized during the period from February 9, 1998 through and including December 31, 2002.

5.     Whether the Bankruptcy Court erred in finding that the Debtor had a "surplus" (as such term is defined in Del. Gen. Corp. Law §§ 154, 170 and 244) during the period from February 9, 1998 through and including March 14, 2003.

6.     Whether the Bankruptcy Court erred in finding that the Debtor had "net profits" (as such term is defined in Del. Gen. Corp. Law §§ 154, 170 and 244) during the period from February 9, 1998 through and including March 14, 2003.

DMEAST #10024735 v1

Dated: April 21, 2008
       Wilmington, Delaware

                               Respectfully Submitted,

                               /s/ Tobey M. Daluz
                               Tobey M. Daluz, Esquire (No. 3939)
                               Katie A. D'Emilio, Esquire (No. 4824)
                               BALLARD SPAHR ANDREWS &
                               INGERSOLL LLP
                               919 N. Market Street, 12th Floor
                               Wilmington, Delaware 19801
                               Telephone: (302) 252-4465
                               Facsimile: (302) 252-4466
                               Email: daluzt@ballardspahr.com
                                           demiliok@ballardspahr.com

                               HAHN & HESSEN LLP
                               Steven J. Mandelsberg, Esq.
                               Mark T. Power, Esq.
                               Robert J. Malatak, Esq.
                               488 Madison Avenue
                               New York, New York 10022
                               Telephone: (212) 478-7200

                               Counsel for the Appellant

DMEAST #10024735 v1